Mario **RAMIREZ–ZARCO**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72973.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Jan. 21, 2014.*

Filed Jan. 23, 2014.

Edward Haase, Esquire, Law Office of Edward Haase, San Diego, CA, for Petitioner.

Susan Bennett Green, Trial, Gregory Michael Kelch, OIL, Jane Tracey Schaffner, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Mario Ramirez–Zarco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand.

Ramirez–Zarco indicated during his removal hearing that his family members could provide evidence to corroborate his claims regarding the date of his entry into the United States and continuous residence, but was not given an opportunity to do so. In concluding that the IJ was not required to continue proceedings to obtain such evidence, the BIA failed to apply the framework articulated in *Ren v. Holder*, 648 F.3d 1079 (9th Cir.2011), and erred in not providing Ramirez–Zarco an opportunity to provide corroboration. *See id.* at 1091–92 ("[A credible] applicant must be given notice of the corroboration required, and an opportunity to either provide that corroboration or explain why he cannot do so."). We therefore remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

